UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LINDA GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:08-CV-277 |
| ) | (GREER/GUYTON) |
| V. ) | |
| ) | |
| LOWE'S HOME CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is now before the Court to address Defendant's Motion and Memorandum to Compel Plaintiff's Responses to First Set of Interrogatories and Requests for Production and Motion for Costs [Doc. 35].

The Defendant served its First Set of Interrogatories and Requests for Production [Doc. 35-1] on the Plaintiff on February 23, 2009. Counsel for the Defendant wrote counsel for the Plaintiff on three separate occasions—April 14, 2009, May 21, 2009, and July 29, 2009—requesting that the Plaintiff complete the written discovery. [Doc. 35-2]. In the final letter date July 29, 2009, counsel for the Defendant wrote, "We have been patient for over four months now, but we must insist that we receive your client's discovery responses on or before August 7, 2009. In the event we have not received them by this date, we will be forced to file a motion to compel and ask for attorney fees in making the motion . . ." [Doc. 35-2 at 3].

The Defendant states that it did not receive any responses, and on August 12, 2009, it filed the instant motion. Pursuant to Local Rule 7.1, all motions shall be responded to within ten (10) days. E.D. Tenn. LR 7.1(a). Thus, under Rule 6 of the Federal Rules of Civil Procedure, the Plaintiff had until August 31, 2009 to respond to the motion. See Fed. R. Civ. P. 6(a)-(d). The Plaintiff's failure to respond in opposition to Plaintiff's motion in a timely manner may be deemed a waiver of any opposition to the relief sought. E.D. Tenn. LR 7.2.

In its motion, the Defendant prays that the Court both compel the Plaintiff to respond to the written discovery that has been propounded upon her and order the Plaintiff to pay the attorneys' fees and costs associated with bringing this motion. The record before the Court supports granting the motion to the extent it seeks an order compelling the Plaintiff to cooperate in discovery. The Defendant has requested that the Plaintiff respond to discovery no less than three times since the Plaintiff's responses were due in late March, but the Plaintiff has failed to complete her discovery obligations in a timely manner. Based on the foregoing, the Court finds that the Defendant's request for an order compelling the Plaintiff to respond to the discovery that has been propounded is well-taken, and therefore, the Motion **[Doc. 35]** is **GRANTED to the extent that it requests the Court enter an order compelling the Plaintiff respond to the First Set of Interrogatories and Requests for Production.**

Accordingly, the Plaintiff is hereby **ORDERED** to submit responses to the Defendant's First Set of Interrogatories and Requests for Production by **September 22, 2009**. Failure to comply with this order may be treated as contempt of court, and may result in further just orders designating facts as established, striking pleadings, dismissing this action, or invoking any of the other remedies afforded under Rule 37(b).

As to the Defendant's request for attorneys' fees and costs, the Court will consider the issue of attorneys' fees and costs after allowing the Plaintiff and Plaintiff's counsel to be heard and comply with this order. Fed. R. Civ. P. 37(a)(5)(A).

**IT IS SO ORDERED.**

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge

3